

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FELITA SAMPLE, | No. 11-16231 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-05882-SI |
| v. | |
| FRANK O'HARA; TINA BELL; FIRST TRANSIT, INC., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted June 29, 2012[**]
San Francisco, California

Before: HUG, FARRIS, and LEAVY, Circuit Judges.

Plaintiff Felita Sample appeals the district court judgment dismissing her pro

se action against First Transit, Inc. ("First Transit") and two of its employees

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(collectively "Defendants"). Sample's complaint alleges that Defendants violated federal law by failing to reserve seating for disabled passengers on a school bus it operates and by discriminating against Sample. The district court dismissed Sample's action with prejudice for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Sample argues on appeal that Judge Susan Illston was required to recuse herself from Sample's case. Sample claims that Judge Illston had rendered an adverse decision against her in a previous case and that Judge Illston is currently involved in a "disability proceeding for judicial misconduct." Sample also argues that the district court should not have granted Defendants' motion to dismiss before Defendants filed an answer to her complaint.

Judge Illston was not required to recuse herself from hearing Sample's case. Sample has not presented evidence of any past case in which Judge Illston ruled against her, and in any event "[u]nfavorable rulings alone are legally insufficient to require recusal." *Matter of Beverly Hills Bancorp*, 752 F.2d 1334, 1341 (9th Cir. 1984). Nor has Sample substantiated her allegation that Judge Illston is involved in a proceeding for disability or judicial misconduct. In the absence of any such evidence, it is impossible to determine whether there is in fact any such proceeding or whether it could have affected Judge Illston's impartiality. We therefore reject

Sample's argument that Judge Illston acted improperly in declining *sua sponte* to recuse herself from the case.

We also reject Sample's argument that Judge Illston erred in ruling on Defendants' motion to dismiss before Defendants filed an answer to Sample's complaint. Although Federal Rule of Civil Procedure 12 prescribes a time period within which a defendant must file an answer to a complaint, the filing of a motion pursuant to Rule 12(b) tolls the answering deadline until the district court rules on the motion. *See*, *e.g.*, 5B Fed. Prac. & Proc. Civ. § 1346 (3d ed.) § 1346: Service of Responsive Pleadings—Time for Serving and Filing.

**AFFIRMED.**